IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL TAI-NAN, a/k/a, DANIEL TINAN, : | |
| Petitioner, : | |
| v. : | No. 05-CV-2655 |
| : | |
| JOHN A. PALKOVICH, et al., : | |
| Respondents. : | |

**MEMORANDUM**

**Green, S.J.**                                                                                     **September 5, 2006**

        Presently pending is the Report and Recommendation (the "Report") of United States Magistrate Judge Arnold C. Rapoport and Petitioner's Objections and Supplemental Objections thereto. In addition to filing Objections to the Report Petitioner filed an "Application for Assistance" in which he requests the assistance of court-appointed counsel. Petitioner also filed "Supplemental Objections to Magistrate's Report and Recommendation and Petition for Legal Assistance and Evidentiary Hearing." The Report recommends that the petition for habeas corpus relief be denied with prejudice and dismissed without an evidentiary hearing. For the reasons set forth below, the Report will be approved and adopted and Petitioner's Objections thereto will be overruled.

**BACKGROUND**

        Properly before the Magistrate Judge were the claims raised in the petition for habeas corpus relief. Specifically Petitioner claimed: (1) his conviction was obtained by a court which was unconstitutionally selected and impaneled; (2) ineffectiveness of pre-trial counsel; and (3) "ineffective trial counsel, for unconstitutionally permissible advice to waiver jury in front of biased judge to face all counts instead of just one count in front of jury." Petition at 9. Although not a model of clarity, Petitioner filed Objections and Supplemental Objections to the Report. Petitioner appears to object to the Report on the following grounds: (1) the trial court judge should have recused himself from presiding over the trial; (2) DNA testing should have

been performed on the aborted fetus; (3) trial counsel was ineffective for failing to call certain witnesses; (4) trial counsel improperly advised him to waive a jury trial; (5) the state court determinations that some of his claims were procedurally defaulted are erroneous, and also that Petitioner's counsel is responsible for the default; and (6) Petitioner claims a hearing is necessary to properly adjudicate his claims.

While he has asked for court-appointed counsel, I will not appoint counsel because the decision of the PCRA court, the Magistrate's Report, and my decision are based upon the record as it appeared before the Pennsylvania Superior Court which reviewed Petitioner's PCRA claims. Essentially, the questions presented revolve around Plaintiff's entitlement to habeas relief based upon what happened in open court.

The petition for habeas corpus relief is governed by 28 U.S.C.A. § 2254 which provides, in relevant part:

> **(a)** ...a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.*
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>    **(A)** the applicant has exhausted the remedies available in the courts of the State;
>
> * * *
>
> **(c)** An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
>
> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>    *(1) resulted in a decision that was contrary to, or involved an*

> *unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or*
>
> *(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.*
>
> **(e)(1)** *In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct*. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>     **(A)** the claim relies on--
>
>       **(i)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>       **(ii)** a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>     **(B)** the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (emphasis added).         * * *

Petitioner's claims and objections involve some issues that were previously raised in stated court. "Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) *contrary to . . . clearly established Federal law*, as determined by the Supreme Court of the United States, or (2) *involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States." (Emphases added.) <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495,1519 (2000). The <u>Taylor</u> court further explained that:

> Under §2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state court adjudication resulted in a decision that (1) was

> contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of. . . clearly established Federal law, as determined by the Supreme Court of the United States.  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> Id.,120 S.Ct. at 1523.

The court will first address Petitioner's claim and objection to the Report based upon the trial judge's failure to recuse himself from the case.  Essentially there is no dispute regarding the history of Petitioner's proceedings in Pennsylvania state court as it relates to matters claimed in the petition for habeas corpus relief.  After Petitioner entered a plea of *nolo contendre* to one charge of rape, a pre-sentence report was prepared.  The pre-sentence report included information concerning Petitioner's prior rape convictions.  Petitioner later withdrew his plea  and Judge Jackson presided over a bench trial on the charges the Commonwealth filed against Petitioner.  The majority opinion in Commonwealth v. Tainan, 734 A.2d 886 (Pa.Super. 1999), on review of the PCRA court's decision recited questions Judge Jackson raised to Petitioner, and determined the following regarding Petitioner's decision to proceed with a bench trial.  The Pennsylvania Superior Court cited to the trial court record:

> THE COURT: If you deny raping her, I'll permit you to withdraw your pleas and I'll give you a jury trial and let the jury decide.
> THE DEFENDANT: Your Honor, I would have preferred to have it heard by a judge because of this reason: A jury would be sensitive.  Part of the strong defense would show they had prior knowledge.  She had prior knowledge-
> THE COURT: I am not going to and I am unable to sit here and sentence a person who asserts his innocence.  If that is what your are doing at this time I'll give you a trial.  I'll permit you to withdraw your plea of no contest and I'll give you any type of trial you choose.  You will have a bench trial or jury trial.
> THE DEFENDANT: You will sit and hear this case, Your Honor?  I'll accept it.
>
> N.T. 3/1/4/94 at 17.

> The Pennsylvania Superior Court further stated:
>
> Tainian was brought before the court for trial on May 10, 1994, but he initially refused to indicate whether he wanted a jury trial or a bench trial. N.T. 5/10/94 at 10. Tainan eventually chose a jury trial, but after the jury was seated, he changed his mind and requested a bench trial. N.T. 5/10/94 at 14, 17. At that point, Judge Jackson stated that "[t]]here has to be an extensive colloquy, because at the time he entered *nolo contendre* plea I received a pre-sentence and psychiatric examination and I know his entire background. I want him colloquied as to the fact that I have that knowledge." N.T. 5/10/94 at 17-18. In response, Tainan's counsel indicated to the court that he had cautioned Tainan in this regard, and, in spite of his awareness of the judge's knowledge, Tainan informed counsel that he wanted to proceed with a bench trial. N.T. 5/10/94 at 18. Judge Jackson then instructed counsel for the Commonwealth to "[c]onduct a complete colloquy...and be certain to examine defendant as to my knowledge of his entire background in this case in that at the time he entered a *nolo contendre* plea I ordered a pre-sentence investigation and mental health evaluation and I have read and understand the pre-sentence report and mental health evaluation." N.T. 5/10/94 at 19-20. The colloquy was conducted, and Tainan indicated that his choice to have a bench trial before Judge Jackson was made of his own free will, and with the knowledge that Judge Jackson had thoroughly evaluated the pre-sentence report and mental health evaluation and was aware of his previous rape conviction.

Tainan, 734 A.2d at 887-88. (Pa.Super. 1999).

Reviewing the petition and the record it is clear that Petitioner believed he would be acquitted at trial because he did not have a sexually transmitted disease and his accuser did. Moreover, there is no dispute that Judge Jackson insisted on conducting a colloquy with Petitioner concerning Judge Jackson's knowledge of Petitioner's prior convictions. After the colloquy was completed, Petitioner decided to proceed with a bench trial over which Judge Jackson presided. Petitioner now claims that his trial counsel allegedly suggested that proceeding to trial before a judge was more favorable than proceeding before a jury. Petitioner's decision to proceed with a bench trial in light of the fact that he could produce evidence that he did not have a sexually transmitted disease and allegedly upon the advice of his counsel that a bench trial was more favorable than a jury trial are strategies and tactics well within the reasonable discretion of trial counsel. Moreover, the Superior Court held that Petitioner's due process and recusal claim was waived because no request for Judge Jackson's

recusal was ever made during Petitioner's proceedings at trial.  <u>Tainan</u>, 734 A.2d at 889.  According to the Pennsylvania Rules of Appellate Procedure 302(a), issues not raised in lower courts are waived.  As the United States Supreme Court made clear in <u>Taylor</u>, this court may only grant a petition for writ of habeas corpus if the Pennsylvania Superior Court's decision in <u>Tainan</u> was contrary to, or involved an unreasonable application of, clearly established federal law.  <u>Taylor</u>, 120 S.Ct. 1519, 1523.  This state court rule is neither contrary to nor an unreasonable application of clearly established federal law.  Therefore, Petitioner's objection on this ground will be overruled.

In his petition and Objections, Petitioner claims that his pre-trial and trial counsel were ineffective.  He presently alleges that they advised him to waive a jury trial and to proceed with a bench trial over which Judge Jackson would preside.  According to <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984) in order to prevail on a claim for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. . .to establish ineffectiveness, a defendant must show that counsel's representation fell below an objective standard of reasonableness. . .to establish prejudice he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

<u>Id.</u> at 687, 688, 694, 104 S.Ct. 2052.  As discussed above, trial counsel's alleged advice to Petitioner to waive a jury trial cannot be determined to have been deficient nor did it fall below an objective standard of reasonableness.  Petitioner and his counsel proceeded with a bench trial based on the belief that because Petitioner did not have a sexually transmitted disease and his accuser did, that he would be acquitted.  Not only was trial counsel's asserted advice not

unreasonable, but Petitioner has also failed to demonstrate that but for the advice he would have been acquitted.

Petitioner also objects to the Report and claims that trial counsel was ineffective for failure to have DNA testing performed and for failure to call a witness.  The Pennsylvania Superior Court  court has already made findings and conclusions on these claims which can only be disturbed if they are contrary to federal law.  The state court determinations of these issues are not contrary to or an unreasonable application of federal law.  Trial counsel can only be found ineffective where his performance fell below an objective standard of reasonable performance or where he unreasonably rendered professional assistance.  As the Report states, the fetus' DNA was not available, therefore trial counsel cannot be found ineffective for failing to request a DNA test.  Petitioner also objects, apparently for the first time, to trial counsel's failure to call a witness.  Clearly this claim was not exhausted and at this time no state procedure is available for state review.  Accordingly this claim is procedurally defaulted and cannot be considered by this court.  Therefore, Petitioner's objection based on this ground will be overruled.

The court finally notes that a hearing is not necessary to adjudicate the instant petition. Section 2254(e)(2) states that a court shall not hold an evidentiary hearing on a Petitioner's habeas corpus claim unless:  the applicant shows that the claim relies on a new rule of constitutional law; a fact that could not have been previously discovered through the exercise of due diligence; and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  Petitioner's claims do not rely on a new rule of constitutional law or facts that could not have been previously discovered.  Finally, the facts underlying his claims do not sufficiently establish by clear and convincing evidence that -

barring constitutional error - no reasonable fact-finder would have found Petitioner guilty of the charges upon which his conviction is based.

     For the foregoing reasons the Report will be adopted and Petitioner's Objections will be overruled.   An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL TAI-NAN, a/k/a, DANIEL TINAN, | : | |
| Petitioner, | : | |
| v. | : | No. 05-CV-2655 |
| | : | |
| JOHN A. PALKOVICH, et al., | : | |
| Respondents. | : | |

**ORDER**

.

**AND NOW,** this 5th day of September 2006, upon consideration of the Petition for Writ of Habeas Corpus, and after review of the Report and Recommendation of the United States Magistrate Arnold C. Rapoport, and Petitioner's Objections thereto, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The Petition for Writ of Habeas Corpus is **DENIED**.

4. Petitioner's Application for a Hearing and Assistance is **DENIED**.

5. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

S/Clifford Scott Green

Clifford Scott Green, S.J.